UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEBBIE COLON,

                     Plaintiff,            06-CV-6527T

         v.                      **DECISION**
                                          **and ORDER**

GUTHRIE CLINIC, LTD. AND UNUMPROVIDENT,

                     Defendants.

_____

INTRODUCTION

      Plaintiff Debbie Colon, ("Colon") originally brought this action in New York State Supreme Court against defendants Guthrie Clinic, Ltd. and UNUM Life Insurance Company of America (incorrectly sued as "Unumprovident") claiming that the defendants failed to honor a change in her deceased husband's life insurance policy that would have provided her with increased benefits upon the death of her late husband George Colon, Jr., ("Mr. Colon"). Specifically, the plaintiff alleges that she and her late husband, who was an employee of the Guthrie Clinic, met with a human resources representative of the Clinic on or about November 4, 2004, and altered his existing life insurance policy to increase his death benefit.  Shortly thereafter, on January 1, 2005, Mr. Colon passed away.  According to the plaintiff, however, she did not receive the enhanced death benefit.  Plaintiff also seeks a declaration that she is entitled to half of Mr. Colon's pension benefits.

On October 24, 2006, the defendants removed this action to Federal Court on grounds that the insurance policy at issue is governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"). Defendant UNUM Life Insurance Company of America ("UNUM") now moves for summary judgment against the plaintiff on grounds that plaintiff has failed to establish any violation of ERISA, and is not entitled to increased benefits under the life insurance policy.  Defendant Guthrie Clinic moves to dismiss plaintiff's First Cause of Action relating to the life insurance policy on grounds that plaintiff has failed to state a cause of action upon which relief may be granted.  Specifically, both defendants contend that because Mr. Colon was neither an active employee of the Guthrie Clinic at the time he attempted to change his policy, nor at the time he passed away, under the express terms of the policy, the proposed change in his coverage never wentr into effect.  Plaintiff opposes the defendants' motions, and seeks remand of this action to state court.

For the reasons set forth below, I grant the defendants' motions to dismiss and for summary judgment, and dismiss plaintiff's Complaint with prejudice in its entirety against UNUM, and dismiss with prejudice plaintiff's First Cause of Action against defendant Guthrie Clinic.

BACKGROUND

Plaintiff Debbie Colon is the widow of George Colon, Jr., who passed away on January 1, 2005.  Prior to his death, Mr. Colon had been an employee of the Guthrie Clinic in Sayre, Pennsylvania, working as a maintenance technician.  Mr. Colon participated in a group life insurance plan offered by the Guthrie Clinic and underwritten by UNUM. (hereinafter the "plan" or "policy").  Pursuant to the terms of his policy, plaintiff (as beneficiary of Mr. Colon's policy) was entitled to a death benefit of $50,000.

Prior to September 10, 2004, Mr. Colon was diagnosed with liver cancer.  On September 11, 2004, Mr. Colon began short-term disability leave, and as a result, was no longer considered (for purposes of the life insurance policy) an active employee of the Clinic.  On or about November 4, 2004, the plaintiff and Mr. Colon met with Mary King, ("King") a human resources representative of the Guthrie Clinic.[1] At that meeting, Mr. and Mrs. Colon expressed an interest in amending Mr. Colon's life insurance policy to increase his death benefit from $50,000 to $108,000, which was approximately three-times the amount of his annual salary.  According to the plaintiff, King assured the Colons that notwithstanding express language written on the amendment form that Mr. Colon signed which stated that the increased coverage would not

_____

[1] While the complaint alleges that the meeting with King took place on November 4, 2004, the documents allegedly signed by Mr. Colon at that meeting are dated November 20, 2004.

go into effect until after he resumed employment, the change to the policy was valid, and would become effective on January 1, 2005.

On January 1, 2005, Mr. Colon passed away.  On January 19, 2005, Mrs. Colon received a death benefit from UNUM in the amount of $50,000, plus interest.  Plaintiff contends that based on the change to the policy made in November, 2004, she was entitled to $108,000 plus interest.  She claims that when she attempted to collect these benefits, she was informed by UNUM that under the express terms of the policy, the purported changes to Mr. Colon's policy were not effective because Mr. Colon was not an active employee at the time the changes were made, nor was he an active employee at the time he passed away.  Following the denial of plaintiff's request for increased benefits, plaintiff brought the instant action in New York State Supreme Court, Stueben County. The action was thereafter removed to this court.


## DISCUSSION

### I. Summary Judgment and Motion to Dismiss Standards

Summary judgment is proper when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, courts must draw all reasonable inferences in favor of the non-movant. See, generally, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief.  <u>Ferran v. Town of Nassau</u>, 11 F.3rd 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u>, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

II.  <u>Plaintiff has failed to State a Claim under ERISA</u>

A.  <u>ERISA Governs plaintiff's claims</u>

Plaintiff, in two causes of action, alleges that the defendants breached the terms of the life insurance policy, and seeks a declaration as to how Mr. Colon's pension benefits should be divided.  Plaintiff's Second Cause of Action is directed solely to defendant Guthrie Clinic.  The Guthrie Clinic has not moved to dismiss this claim, and therefore plaintiff's Second Cause of Action will not be addressed by this Court.[2]

---

[2]  According to Defendant Guthrie Clinic, the parties are attempting to negotiate a settlement of plaintiff's Second Cause of Action

Although the plaintiff has not alleged a violation of ERISA, it is well established that ERISA governs the instant action. ERISA explicitly preempts state law regarding any matters that "relate to" employee benefit plans. 29 U.S.C. § 1144(a);See also Snyder v. Elliot W. Dann Co., 854 F.Supp. 264, 273 (S.D.N.Y. 1994)("As a matter of law all state common law claims of promissory estoppel, breach of contract, or fraud are preempted by ERISA.") As there is no dispute that the life insurance policy at issue in this case is an employee benefit plan, ERISA preempts plaintiff's state-law breach of contract claim.   Additionally, because ERISA applies, this action was properly removed to this court pursuant to this court's federal question jurisdiction.

B.   Plaintiff is not entitled to benefits under ERISA

ERISA provides that a participant in an ERISA plan, or the beneficiary of plan participant, may bring an action in a court of competent jurisdiction to recover benefits allegedly due under the plan terms. 29 U.S.C. § 1132(a).   To establish entitlement to benefits, the plaintiff must, as a threshold matter, establish that he or she is entitled to benefits under the written terms of the plan.   Weinreb v. Hospital For Joint Diseases Orthopaedic Institute, 404 F.3d 167, 170 (2d Cir.2005) ("A suit for benefits due under the terms of an ERISA-governed plan necessarily fails where the participant does not qualify for those benefits ....") In determining whether or not a plan participant or beneficiary of

a plan is entitled to benefits under the plan, only the written documents of the plan may be considered. 29 U.S.C.A. § 1102(a)(1).(providing that any ERISA plan must be maintained pursuant to a written instrument); Feifer v. Prudential Ins. Co. of America, 306 F.3d 1202, 1208 (2nd Cir. 2002)(recognizing that ERISA plans must be goverened by written documents).

In the instant case, pursuant to the written terms of the plan, plaintiff is unable to establish that she is entitled to the increased benefits that Mr. Colon sought to obtain by attempting to amend his life insurance policy.  The unambiguous and explicit terms of the policy provide that any change in coverage under the policy that is made while an employee is absent from work due to injury, sickness, temporary layoff, or leave of absence can become effective only on the date on which the employee returns to "active employment."  See Group Insurance Summary of Benefits (attached as Exhibit "A" to the November 15, 2007 Affidavit of Kieran Shields) at "Employee-3".  According to the plan terms, to be considered "actively employed," an employee must have worked at least 48 hours within a pay period. Id. at B@G-Life-1.  Indeed, even the form that Mr. Colon completed for purposes of changing his coverage expressly indicated that insurance coverage would "be delayed for employees not in active employment until the first of the month coincident with or next, following the date they return to work."  See Attachment "A" to Plaintiff's Amended Complaint.

It is undisputed that at the time Mr. Colon attempted to change his coverage, and at the time he passed away, he was not "actively employed" at the Guthrie Clinic.  Accordingly, under the express terms of the plan, the increased coverage he sought never became effective, and plaintiff is not entitled to enhanced benefits.

Plaintiff contends, however, that she and her late husband were told by the Guthrie Clinic's employee Mary King that despite the language indicating that coverage would not begin until Mr. Colon returned to work, the increased coverage would become effective, and that plaintiff would be entitled to the increased death benefit.  Plaintiff contends that King was an agent of UNUM, and that she relied to her detriment on King's representation that the coverage would become effective immediately.

It is well settled, however, that absent extraordinary circumstances of fraud which are not present in this case, oral representations can not modify ERISA plan.  <u>Moore v. Metropolitan Life Insurance Company</u>, 856 F.2d 488, 492 (2nd Cir. 1988)("altering a welfare benefit plan on the basis of non-plan documents and communications, absent a particularized showing of conduct tantamount to fraud, would undermine ERISA.")  "[O]ral promises are unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan." <u>Perreca v. Gluck</u>, 295 F.3d 215, 225 2nd Cir., 2002) Additionally, under the terms of the plan, it is clear that Mary

King was not an agent of UNUM, and therefore, could not make binding representations with respect to the plan terms.  Pursuant to the plan terms "only an officer or a registrar of Unum can approve a change" to the plan."  <u>See</u> Group Insurance Summary of Benefits (attached as Exhibit "A" to the November 15, 2007 Affidavit of Kieran Shields) at "Employer-1".  Moreover, the plan expressly provides that the employer acts as the employees' agent, and "[u]nder no circumstances will [the] Employer be deemed an agent of Unum."  <u>See</u> Group Insurance Summary of Benefits (attached as Exhibit "A" to the November 15, 2007 Affidavit of Kieran Shields) at "Employee-8".  Because King could not, as a matter of law, make a binding representation as to the date upon which Mr. Colon's increased coverage would begin, plaintiff can not establish that she is entitled to benefits in this case based on the alleged misrepresentations of King.

<u>CONCLUSION</u>

For the reasons set forth above, the defendants' motions for summary judgment and to dismiss are granted, and the plaintiff's Complaint is dismissed in its entirety as against defendant UNUM. Plaintiff's first cause of action against defendant Guthrie Clinic is dismissed with prejudice.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
March 7, 2008